FRANK S. SLAFF, TRADING AS GARFIELD LUMBER COMPANY, APPELLANT, v. RENA M. TRAMONTIN, RESPONDENT.

Submitted October 31, 1930—Decided June 19, 1931.

For the appellant, *Feder & Rinzler*.

For the respondent, *John D. Vasilyk* (*Hart & Vanderwart,* on the brief).

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment for the defendant entered on the striking out of the complaint. The question

under review is the sufficiency of the complaint. The complaint alleges that defendant, the owner of described lands, entered into a contract with a builder whereby the latter was bound to erect a building on the lands and to provide the materials incident thereto; that the contract referred to specifications but that there were, in fact, no specifications; that the contract was duly filed in the office 'of the county clerk; that the plaintiff furnished materials to the builder at his request and on his promise to pay, and that the materials were used in the erection and construction of the building; that the builder had paid a part of the bill but had neglected and refused to pay the balance thereof; that the defendant had paid the builder certain sums of money under the contract before such payments, under the terms of the contract, became due, and that moreover the defendant still has in his possession sufficient of the moneys called for by the contract to pay plaintiff's bill; wherefore plaintiff demands payment from the defendant.

Plaintiff demands payment, but the legal justification for his demand is not apparent. He neither alleges the filing of a mechanics' lien claim nor the serving of a stop-notice. His pleading makes not the slightest reference to the Mechanics' Lien act nor does it allege such steps on his part as are necessary to bring him within the benefits thereof. His brief, on the other hand, appears to justify the action 'as one within the purview of the statute and quotes section 2 thereof (3 *Comp. Stat., p.* 3293) as follows:

"Whenever any building shall be erected in whole or in part by contract in writing, such building and the land whereon' it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract; provided, said contract, or a duplicate thereof, together with the specifications accompanying the same, or a copy or copies thereof, be filed in the office of the clerk of the county in which such building is situate before such work done or materials furnished;" and proceeds to argue that inasmuch as the contract had indeed been filed plaintiff was forestalled from filing a lien claim and proceeding thereon. Assuming

this conclusion to be correct, it does not at all follow that plaintiff has a general cause of action against the owner. His own reasoning would put him in position to become a stop-notice claimant under the next paragraph (section 3) of the act. Whether he served a stop-notice upon the owner does not appear; he certainly does not so plead. The purchase of materials by a builder on his own credit and the incorporation thereof in a structure owned by a third party does not, without more, make the owner subject to suit by the materialman for the recovery of the cost of the materials. The complaint does not set up a cause of action against the defendant either under or independent of the statute.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.